UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FAKIH J. KHALFANI,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. EP-12-CV-00422-DCG | |
| § | | |
| **BALFOUR BEATTY** § | | |
| **COMMUNITIES, LLC,** § | | |
| § | | |
| Defendant. § | Jury Trial Demand | |

**PLAINTIFF'S AMENDED COMPLAINT**

**TO THE HONORABLE DAVID C. GUADERRAMA, U.S. DISTRICT JUDGE:**

**COMES NOW** Plaintiff, **FAKIH J. KHALFANI**, complaining of the **Defendant**, **BALFOUR BEATTY COMMUNITIES, LLC.**, and alleges the following:

### I. PARTIES

1. **Fakih J. Khalfani** (hereafter "**Plaintiff**" and "**Mr. Khalfani**"), is an African-American/Black resident of El Paso County, Texas.

2. Defendant **Balfour Beatty Communities, LLC** (hereafter "**Defendant**" and "**Balfour Beatty**") has appeared and answered, and may be served with process through its attorneys of record, **Mark Dore**, **Michael J. DePonte**, and **Allyson L. Johnson**.

### II. JURISDICTION

3. Mr. Khalfani has complied with all necessary administrative prerequisites.

4. Mr. Khalfani timely filed this lawsuit pursuant to Chapter 21 of the Texas Labor Code and 42 U.S.C. § 1981.

5. Mr. Khalfani seeks declaratory, injunctive, and equitable relief is sought pursuant to Section 21.258 of the Texas Labor Code; compensatory and punitive damages pursuant to Section 21.2585 of the Texas Labor Code; and costs, attorney's fees and expert fees are sought pursuant to Section 21.259 of the Texas Labor Code.

6. The jurisdiction of this Court has been invoked by Defendant pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction).

### III. VENUE

7. This action properly lies in El Paso County, Texas, because the unlawful employment practices occurred therein.

### IV. FACTS

8. Mr. Khalfani was hired by Defendant on or about May 15, 2006. He last worked for Defendant as a Housing Inspector.

9. During his employment with Defendant, Mr. Khalfani was a hard-working, dedicated and loyal employee.

10. Throughout his five (5) years of employment with Defendant, Mr. Khalfani worked in various job titles where he received positive comments about his job performance.

11. On or about March 2010, Mr. Khalfani was passed over and not selected to the position of Turn-Key Supervisor. Mr. Khalfani was qualified for the position. The position was given to a non-Black/-African-American employee.

12. On or about July 2010, Mr. Khalfani was removed from inspections and given a written reprimand, without justification. The reprimand was issued by Brian Dryer, white employee, approximately one day after Mr. Dryer began working with Defendant and/or Mr. Khalfani.

13. During the course and scope of his employment with Defendant, Mr. Khalfani was

subjected to different terms and conditions of employment than those afforded to Defendant's non-Black/-African-American employees.

14. Among the different terms and conditions of employment to which Mr. Khalfani was subjected, was the requirement that he use his own vehicle for work-related purposes, without compensation or reimbursement provided to non-Black/-African-American employees.

15. Mr. Khalfani complained to upper management that he felt he was being discriminated against and treated differently because of his race and color.

16. On or about August 11, 2011, Mr. Khalfani was discharged from his position of Housing Inspector.

17. At the time of his termination, Mr. Khalfani was one of only two African-American/Black employees working for Defendant. The other African-American/Black employee, Hosea Bolden, was also discriminated against and terminated by Defendant. Mr. Khalfani was a witness to the discrimination to which Mr. Bolden was subjected.

18. The person with ultimate authority over Mr. Khalfani and the terms and conditions of his employment was Carey Kann, Community Manager. Mr. Kann is white.

19. Mr. Kann picked on Black/African-American and Mexican-American employees, and gave preferential treatment to Defendant's white employees.

20. The reasons given for Mr. Khalfani's termination are pretextual.

21. Defendant treated non-Black/-African-American employees more favorably.

22. As a result of Defendant's discriminatory and retaliatory actions, Mr. Khalfani was unable to earn a living and support his family and he has suffered serious financial and emotional harm as a result.

## V.  FIRST CAUSE OF ACTION

### RACE & COLOR DISCRIMINATION
### (Chapter 21 & § 1981)

23.	The above allegations are re-alleged and adopted by reference.

24.	Plaintiff asserts that his color and race (Black/African-American) were motivating factors and consideration in Defendant's decision to deny him a promotion, to deny Plaintiff the full and equal benefit of all laws enjoyed by white/non-Black/non-African-American employees, and ultimately to terminate his employment.

25.	As a direct and proximate result of Defendant's conduct, Plaintiff has suffered past and future lost wages, and past and future compensatory damages (including, but not limited to, humiliation, inconvenience, suffering, embarrassment, loss of enjoyment of life, emotional pain, mental anguish, and emotional distress).

26.	Defendant acted with malice or reckless indifference to the federally- and state- protected rights of Plaintiff, and he seeks punitive damages for this outrageous conduct.

## VI.  SECOND CAUSE OF ACTION

### RETALIATION
### (CHAPTER 21 & § 1981)

27.	The above allegations are re-alleged and adopted by reference.

28.	Plaintiff asserts that Defendant's decision to terminate his employment was carried out, in part, as retaliation for Plaintiff having engaged in protected activity and/or opposing and complaining about employment discrimination, as well as his association and relationship with persons who witnessed, opposed or complained of discrimination.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered past and future lost wages, and past and future compensatory damages (including, but not limited to, humiliation, inconvenience, suffering, embarrassment, loss of enjoyment of life, emotional pain, mental anguish, and emotional distress).

30. Defendant acted with malice or reckless indifference to the state-protected rights of Plaintiff, and he seeks punitive damages for this outrageous conduct.

## VII.  JURY DEMAND

31. Mr. Khalfani requests a trial by jury.

## IX.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, respectfully requests that this Honorable Court cite Defendant to answer and appear, and upon final trial enter a judgement upon his favor and award the following:

A. Back pay and benefits;

B. Front pay and benefits, if reinstatement is not feasible;

C. Compensatory damages;

D. Punitive damages;

E. Costs, including reasonable expert fees and attorney's fees;

F. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law; and

G. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show himself to be justly entitled.

[CONTINUED ON NEXT PAGE]

**SIGNED** this 20th day of March, 2013.  Respectfully submitted,
**DOMINGUEZ & COYLE, P.L.L.C.**
2515 North Stanton
El Paso, Texas 79902
(915)532-5544
(915)532-5566 Facsimile

By:  /s/ *Francisco X. Dominguez*
**FRANCISCO X. DOMINGUEZ**
Texas Bar No. 00795324
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2013 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to **Michael J. DePonte, Allyson L. Johnson**, and **Mark Dore**, attorneys of record for Defendant.

 /s/ *Francisco X. Dominguez*
**FRANCISCO X. DOMINGUEZ**