IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| FAKIH J. KHALFANI,       ) | |
|     Plaintiff,       ) | |
| )       | |
| v.       ) | NO. EP-12-CV-422-DCG-RFC |
| )       | |
| BALFOUR BEATTY       ) | |
| COMMUNITIES, LLC,       ) | |
|     Defendant.       ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff's Motion to Compel filed on August 26, 2013, in the above-captioned cause. (Doc. 20) After due consideration, the Court is of the opinion that the following order should be entered.

**I.   Procedural Background**

On or about September 13, 2012, Plaintiff Fakih J. Khalfani ("Plaintiff") filed his Original Petition in the County Court of Law No. 5, of El Paso County, Texas, against Defendant Balfour Beatty Communities, LLC ("Defendant"), a Delaware corporation, alleging violations of the Texas Labor Code, and seeking back and front pay and compensatory and punitive damages. (Doc. 1:1) On October 10, 2012, Defendant removed the case to federal court based on diversity jurisdiction. (Doc. 1)

On December 14, 2012, Plaintiff submitted his first request for production of documents and first interrogatories. (Doc. 20:1) Defendant submitted responses to this discovery on February 6, 2013. (Doc. 20:1-2) Plaintiff filed his first amended complaint on March 21, 2013, seeking relief

1

under 42 U.S.C. § 1981, and Chapter 21 of the Texas Labor Code.  (Doc. 13:2)  Defendant filed an Answer to the Amended Complaint on May 10, 2013.  (Doc. 15)  On June 5, 2013, the parties filed a joint motion to extend the deadlines set forth in the scheduling order, which was granted on June 7, 2013, extending the discovery deadline to August 28, 2013.  (Docs. 17, 18)  The parties took steps to resolve discovery disputes before the discovery deadline, as indicated in correspondence from Plaintiff to Defendant dated August 9, 2013; from Defendant to Plaintiff on August 19, 2013; and from Plaintiff to Defendant on August 20, 2013.  (Docs. 25-1:1, 5; 26-1:2)

On August 26, 2013, Plaintiff filed a motion seeking an order to compel Defendant to respond to Interrogatories Nos. 13-16, 19-21, and to Requests for Production Nos. 2-9, 12, 18, 31, 35, 36, 41, 47, 48, 53, 55, 57, seeking costs and attorneys fees, and seeking an extension of time to conduct discovery.  (Doc. 20)  August 27, 2013, Defendant served a supplemental production of documents in response to Plaintiff's requests.  (Doc. 25:3)  After obtaining an extension of time, Defendant filed a response to Plaintiff's motion on September 10, 2013.  (Doc. 25)  Plaintiff filed a reply on September 12, 2013.  (Doc. 26)  On September 16, 2013, the Court set the motion for a hearing to take place on September 30, 2013.  (Doc. 27)

On September 26, 2013, the parties filed a Notice on Joint Report of Discovery Dispute Resolution in which Plaintiff, based on agreements reached by the parties, withdrew his motion to compel responses to Plaintiff's Interrogatories Nos. 13-16, 19-21, and Requests for Production Nos. 6, 18, 29, 30, 31, 35, 36, 55, 57.  (Doc. 29)

The hearing was held on September 30, 2013, with Plaintiff represented by Christopher Benoit and Fancisco X. Dominguez and Defendant represented by Mark D. Dore.  At the hearing, counsel for the parties informed the Court that additional issues had been resolved by agreement

through negotiations immediately proceeding the hearing and were no longer in dispute: Plaintiff's Requests for Production Nos. 4, 5, 7, 8, 41, 47, 53. However, counsel for the parties were unable to reach an agreement regarding four of the Plaintiff's Requests for Production: Nos. 2, 3, 9, and 12. Thus, at the hearing, Plaintiff proceeded on his motion seeking an order to compel responses only to Requests for Production Nos. 2, 3, 9, and 12, and each side presented its arguments and responded to the Court's questions regarding these remaining disputed items.

## II. Statement of Facts

Plaintiff brings suit for employment race discrimination and retaliation. Plaintiff claims that Defendant's supervisors subjected him to a hostile work environment including different terms and conditions of employment than white employees, denied him a promotion, and discharged him based on his color and race and in retaliation for engaging in protected activity in that he complained of the disparate treatment in early 2010, and thereafter was subjected to involuntary work transfers, racially-charged accusations, and eventually termination of his employment by Defendant's supervisors including Carey Kann, Rick Gwantley, and Brian Dryer. (Doc. 20:1)

The person with ultimate authority over Plaintiff and the terms and conditions of his employment was Carey Kann, Community Manager, who is white and picked on blacks and Mexican-American employees and gave preferential treatment to the white employees. Plaintiff alleges a unit-wide pattern of discrimination on the basis of race and color. (Doc. 20:2) Defendant claims that the decision to terminate Plaintiff in August 2011, was in connection with an incident involving misappropriation and improper disposal of resident property. (Doc. 25:1) Plaintiff believes that the reasons given for his termination are pre-textual. (*Id.*)

### III. Discovery in Dispute

A.      **Request for Production Nos. 2-3**

At the time of the hearing, Plaintiff had narrowed his original request No. 2 to ask Defendant to produce Carey Kann's complete personnel file, including employee evaluations, but excluding worker's compensation, medical, and tax documents contained therein. Plaintiff's request No. 3 had likewise been narrowed to ask Defendant to produce, to the extent the following documents are not contained in Kann's personnel file: (a) all documents containing Kann's duties, responsibilities and job descriptions; (b) all documents that discuss Kann's performance, including but not limited to performance evaluations for the last five years of his employment with Defendant; (c) all complaints made against Kann by co-workers or third parties while employed at Defendant's El Paso/Ft. Bliss location during the time period that Plaintiff was employed by Defendant, including complaints of discrimination, retaliation, policy violations, and other alleged misconduct; (d) all documents that discuss or refer to disciplinary action taken against him for the last five years of his employment with Defendant; (e) and all documents that discuss the reason for his separation from his employment with Defendant. Plaintiff also agreed to receive the information subject to a confidentiality order.

Defendant objected to both requests on grounds that they were overly broad, sought irrelevant information, were not reasonably limited in time and/or scope, were not described with reasonable particularity, and sought private information regarding an individual who is not a party to this litigation.

B.      **Request for Production No. 9**

At the time of the hearing, Plaintiff had narrowed his original request No. 9 to ask Defendant to produce each claim filed against Defendant arising out of conduct occurring in 2010 or 2011

related to Defendant's El Paso/Ft. Bliss location, where it was alleged that Kann, Dryer, or Gwantley discriminated or retaliated, including the following for each: (a) all internal complaints; (b) all charges of discrimination; (c) all pleadings, judgments and settlements thereon; any documents reflecting (d) the name and address of plaintiff, (e) the date of lawsuit, (f) the style and location of the lawsuit, (g) the name and address of plaintiff's attorney; and (h) all testimony contained in any deposition or other transcript of any of the parties and witnesses in that claim. Defendant had agreed to produce the requested information with respect to Kann. Thus, only the requested information with respect to Dryer and Gwantley was in dispute.

In addition to the objections listed above for request No. 2-3, Defendant objected that this request seeks attorney work product and/or information protected by the attorney-client privilege.

## C.      Request for Production No. 12

At the time of the hearing, Plaintiff had narrowed his original request No. 12 to ask Defendant to produce all contracts between Defendant and the United States Department of Defense in effect from January 1, 2006, through the date of trial, that include clauses related to the following topics: requirements for diversity in employment; employment affirmative action requirements; required procedures for employment discrimination; audits, reports, investigations of employment practices.

Defendant objected that the request was overly broad, sought irrelevant information, was not reasonably limited in time and/or scope, and sought attorney work product and/or information protected by the attorney-client privilege.


### IV. Standard of Review

The Federal Rules of Civil Procedure allow discovery of any non-privileged relevant matter relating to a claim or defense of a party seeking discovery. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id*.

The purpose of discovery is to permit the parties "... to develop fully and crystalize concise factual issues for trial." *Burns v. Thiokol Chemical Corp*., 483 F.2d 300, 304 (5th Cir. 1973). To accomplish this, courts are encouraged to construe "relevance" liberally. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.C 2380, 2389 (1978). That is, discovery is permitted on any matter that bears, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Id*., citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947). Discovery is not limited to issues raised in the pleadings, because it is the purpose of discovery to help define and clarify the issues; to help the parties obtain the fullest possible knowledge of the issues and facts before trial. *Id.,* citing *Hickman*, 329 U.S. at 501. Moreover, the party opposing discovery has the burden of proving lack of relevance. *See e.g.*, *Jones v. Hamilton County Sheriff's Dept*., __F. Supp. ___, 2003 WL 21383332 (S.D. Ind., June 12, 2003).

"[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that:" (i) it is unreasonably cumulative or duplicative, can be obtained from some other source that is more convenient less burdensome or less expensive, (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, or (iii) undue burden or expense outweighs its likely benefit considering the needs of the case, the amount

in controversy, the parties resources, the importance of the issues at stake and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)( C).

## V. Discussion

A. **Requests for Production Nos. 2-3—Personnel files and other records pertaining to Carey Kann.**

Plaintiff has requested the personnel file and other documents pertaining to Carey Kann, who Plaintiff has alleged engaged in both discriminatory and retaliatory conduct towards Plaintiff during his employment with Defendant, practices which Plaintiff alleges were unit-wide. Defendant argued that Kann was a former employee and that producing the requested records would invade Kann's privacy and present the potential for misuse of the information contained therein. Defendant argued that absent a compelling showing of relevance, personnel files of employees should not be produced. *See Gehring v. Case Corp*, 43 F.3d 340, 342-43 (7th Cir. 1994) (privacy interest was proper basis upon which to disallow counsel from rooting through the personnel files of an employee selected for comparison who was not sufficiently similarly situated) cert denied, 515 U.S. 1159 (1995). Defendant also argues, as cited in *Beasley*, that:

> [t]o permit wide dissemination of personnel files would result in a clearly defined, serious, and unnecessary injury to the privacy of the employee who is not a party to the lawsuit. Revelation of such information could cause economic or emotional harm. The files could contain embarrassing material. They commonly contain confidential material.

*Beasley v. First American Real Estate Information Services*, No. 3-04-CV-1059-B, 2005 WL 1017818, *4 (N.D. Tex. 2005) quoting *Dahdal v. Thorn Americas, Inc.*, 1997 WL 599614 at *1 (D.Kan. Sept. 15, 1997).

7

Plaintiff argues that personnel files are generally the types of records that contain or lead to the discovery of relevant evidence in employment discrimination and retaliation cases and that it is not equitable to allow an employer to determine what information is necessary to the plaintiff's case. *See Wilson v. Martin Co. Hospital Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (personnel records regarding promotions, demotions, disciplinary proceedings, performance reviews, evaluationss, complaints, and applications, in the alleged discriminatory supervisor's personnel files are subject to disclosure in a sexual discrimination suit).  Plaintiff alleges that in the context of employment discrimination cases, the courts generally construe the discovery rules liberally to provide employees broad access to employers' records.  *See Coughlin v. Lee*, 946 F.2d 1152, 1158-59 (5th Cir. 1991) (reversing the district court's ruling limiting the production of personnel files).

The Court finds that Plaintiff has presented compelling written and oral arguments that the records requested may reasonably be expected to contain information that could bear on this case. While the Court is mindful of the special concerns about Kann's privacy rights as he is not a party to this suit, the Court does not agree with Defendant that Plaintiff's interest in discovering the requested records is outweighed by Kann's privacy interest and the possibility that the requested records will not contain any admissible or relevant evidence.

Where the requested records contain information relating to the reasons for Plaintiff's termination or other complaints of race discrimination or retaliation, they are clearly relevant and must be produced.  Social security numbers are confidential and not reasonably calculated to lead to the discovery of admissible evidence and may be protected through redaction.  *See Beasley*, 2005 WL 1017818 at *2.  Plaintiff has also agreed to exclude from his request workers compensation

records, medical records, and tax records. Other otherwise non-responsive, personal or potentially embarrassing or harmful information contained within the documents responsive to this request can be adequately protected from misuse or disclosure by a protective order and redaction subject to Plaintiff's inspection to ensure the redacted information is non-responsive and irrelevant. *See id.; Walters v. Breaux*, 200 FRD 271, 274 (W.A. La. 2001) (Any legitimate privacy concerns can be accommodated with a protective order).

Thus, Plaintiff's motion to compel response to request Nos. 2-3 is granted.

**B.     Requests for Production No. 9—Previous claims involving discrimination or retaliation**

Plaintiff has narrowed his request No. 9 to ask Defendant to produce certain documents pertaining to each claim of discrimination or retaliation filed against Defendant arising from Kann, Dryer, or Gwantley's conduct in either 2010 or 2011 and related to their employment at Defendant's El Paso/Ft. Bliss location. Defendant agreed to produce the requested information as it relates to Kann, but was unable to agree to produce the requested documents as it relates to Dryer or Gwantley.

Defendant argued that the request should be further limited in scope to only racial discrimination. Plaintiff argued that other acts of retaliation could have involved other types of discrimination. The Court agrees.

Defendant maintained that there are no similarly situated African American employees that have filed discrimination or retaliation claims, but did acknowledge that such claims may have been filed by an African American employee(s) who Defendant did not consider to be similarly situated. Plaintiff has alleged that the discrimination and retaliation was unit-wide and that Defendant allowed it to persist. Plaintiff should be able to identify evidence of general patterns of discrimination, potential witness, and evidence of pretext. *See Culkin v. Bowes,* 225 F.R.D. 69, 71 (D. Conn. 2004);

*Rocha v. Great Am Ins Co*, 850 F2d 1095, 1097 (6th Cir. 1988) (stating that like complaints of discrimination are discoverable to show pattern of discrimination).

Defendant further argued that neither Dryer nor Gwantley were involved in Plaintiff's termination. Again the Court believes Defendant has drawn the net too tight. Plaintiff has alleged on-going discrimination and retaliation in his treatment while an employee, e.g., hostile work environment, denial of promotion, involuntary work transfers, and racially-charged accusations, not merely in his termination. (Doc. 20:1-2) Plaintiff alleges that Dryer and Gwantley helped Kann develop a record to support the pretextual reason for termination, e.g., Dryer helped to create a disciplinary record by writing Plaintiff up shortly after beginning to supervise him.

Defendant also argues that Plaintiff could obtain the requested transcripts from the court reporters if Plaintiff were to only give Plaintiff the information to obtain it. Although the transcripts requested might be available in this manner, obtaining them from the court reporter is neither more convenient, less burdensome, nor less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Plaintiff is entitled to the documents requested in the narrowed No. 9 request.

**C.     Requests for Production No. 12—contract between Defendant and the United States Department of Defense from January 1, 2006.**

At the time of the hearing, Plaintiff had narrowed his original request No. 12 to ask Defendant to produce all contracts between Defendant and the United States Department of Defense in effect from January 1, 2006, through the date of trial, that include clauses related to the following topics: requirements for diversity in employment; employment affirmative action requirements; required procedures for employment discrimination; audits, reports, investigations of employment practices. Plaintiff argued that the involvement of the United States government, as may be

established by the terms of such contract, might impose liability upon the United States. Defendant represents that there is no such contract. Defendant did acknowledge the existence of a Ground Lease, but represented to the Court that he has been informed that it also contains no provisions as those requested with respect to contracts. Defendant cannot produce documents that do not exist. If the existence of such contract were to come to light, however, Defendant has a continuing duty to supplement the discovery responses. Thus, Plaintiff's motion to compel further response to request No. 12 is denied.

**D.**     ***Sanctions***

If a motion to compel is granted or disclosure of discovery is provided after filing, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion or that party's attorney or both to pay the other party's reasonable expenses including attorney's fees, unless the movant filed before attempting in good faith to obtain the discovery, the opposing party's objection was substantially justified, or other circumstances make such award unjust. Fed. R. Civ. P. 37(a)(5). The Court finds that the circumstances in this case would make an award of expenses and fees unjust. Thus, Plaintiff's request for costs and attorneys fees is denied.

### VI.     Conclusion

For the reasons set forth above, the Court finds the following **ORDER** to be appropriate. **IT IS ORDERED THAT** Plaintiff's Motion to Compel be, and the same is hereby **GRANTED** in part and **DENIED** in part as follows.

With regard to Plaintiff's Interrogatories, the Court finds the following:

1. Plaintiff's Interrogatories Nos. 3-16, 19-21, raised in Plaintiff's Motion to Compel, are no longer in dispute and need not be addressed further by the Court.

11

With regard to Plaintiff's Requests for Production, the Court finds:

1. The following requests raised in Plaintiff's Motion to Compel are no longer in dispute and need not be addressed further by the Court: 4-8, 18, 31, 35, 36, 41, 47, 48, 53, 55, 57.

2. As for Plaintiff's Request for Production No. 12, Defendant's response is sufficient and Plaintiff's motion to compel further response is **DENIED**. Defendant represents that there are no contracts in existence that are responsive to this request. Defendant, however, acknowledges the existence of a Ground Lease. Defendant's counsel, Mark Dore, is **ORDERED** to review the Ground Lease and to produce it to Plaintiff if it contains any provisions similar to those requested in Plaintiff's Request for Production No. 12. Defendant is also under a continuing duty to supplement its responses if new responsive documents are discovered.

3. Defendant is **ORDERED** to provide to Plaintiff's counsel, within ten (10) days from the date of the Order:

    a) (Related to Request for Production No. 2) Carey Kann's complete personnel file, excluding worker's compensation, medical, and tax records, and with redaction of Kann's social security number;

    b) (Related to Request for Production No. 3) To the extent such documents are not contained in Carey Kann's personnel file:

    (A) All documents containing Carey Kann's duties, responsibilities and job descriptions;
    (B) All documents that discuss Carey Kann's performance, including but not limited to performance evaluations, for the last five (5) years of his employment with Defendant;
    (C) All complaints made against Carey Kann by co-workers or third parties for the last five (5) years of his employment with Defendant (including complaints of discrimination, retaliation, policy violations, and/or other alleged misconduct);
    (D) All documents that discuss or refer to disciplinary action taken against Carey Kann for the last five (5) years of his employment with Defendant; and
    (E) All documents that discuss the reason for Carey Kann's separation from employment with Defendant;

    c) (Related to Request for Production No. 9) For each claim (charge of discrimination or lawsuit) filed against Defendant, arising from conduct occurring in 2010 or 2011 and related to employment at Defendant's El

Paso/Ft. Bliss location, where it was alleged that Carey Kann, Brian Dryer, or Rick Gwantley discriminated or retaliated:

(A) All internal complaints;
(B) All charges of discrimination;
(C) All pleadings, judgments and settlements thereon;
(D) Any documents which reflect the name and address of that plaintiff;
(E) Any documents which reflect the date fo the lawsuits;
(F) Any documents which reflect the style and location of the lawsuit;
(G) Any documents which reflect the name and address of the plaintiff's attorney; and
(H) All testimony contained in any deposition or other transcript, of any of the parties and witnesses in that claim;

4. Defendant shall provide a privilege log to Plaintiff detailing any items responsive to this Order that Defendant believes to be protected by attorney-client privilege and to provide a copy of the log along with the documents to the Court to review *en camera* to the extent that Plaintiff so requests.

5. The parties are ORDERED to submit any agreed protective order(s), or proposed protective order(s), that the parties feel are necessary with respect to any and all documents produced pursuant to this Order within five (5) days of this order. The parties are encouraged to agree to the contents of any protective order as contemplated by the local rules.

All other relief requested in Plaintiff's Motion to Compel, including costs and attorneys fees, are **DENIED**.

**SIGNED** and **ENTERED** on October 2, 2013.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

13